The facts of this case, it was *held*, establish simulation.

The original papers from other Clerks' offices will not be received to complete a record in the Supreme Court.

APPEAL from the District Court of St. Landry, *Dupré*, J.

J. E. *King*, for plaintiff and appellant.   T. H. *Lewis* and *Porter*, for defendants.

Merrick, C. J.   The defendants seized under an execution, as the property of *Joseph E. Andrews*, against whom they had judgment, a tract of land and two slaves, in his possession.   The plaintiff opposed the sale on the ground that the property had been previously conveyed to him by *Andrews*.   It is proved that at the sale *Hayes* counted down the price in the presence of the Notary and the witnesses.   But it was shown that he was the son-in-law of *Andrews* ; that he was comparatively without means ; that *Andrews* must have had funds in his hands as administrator, and could easily have produced that amount of money for the purpose of the simulation ; that he was embarrassed in his individual affairs ; that the property remained in his possession notwithstanding the plaintiff was in a condition to need the services of the slaves which he pretended to have purchased, and that the property sold constituted almost the only remaining property of *Andrews*, and that the sale was made during the pendency of the suit of *Clark* against him, and only thirteen days before the judgment was rendered.

We are not prepared to say that the District Judge, who probably knows the parties and witnesses, erred in concluding, on this evidence, that the sale was a simulated one.   C. C., 1915, 2456.

Under the peculiar circumstances of this case, we have looked into the original records sent up and completing the record of the case.   But as the original records are liable to be lost, when taken from the proper office, we take this occasion to say that hereafter the *original* papers of other offices will not be received to complete a record of a case pending in this court.

It is ordered, adjudged and decreed, that the judgment of the lower court be affirmed with costs.